# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0023** (McDowell County 13-F-249)

**Erik Monroe Brown,**
**Defendant Below, Petitioner**

**FILED**

October 20, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Erik Monroe Brown, by counsel R. Keith Flinchum, appeals the Circuit Court of McDowell County's December 17, 2014, order sentencing him to a cumulative term of incarceration of two to twenty years for one count of delivery of a controlled substance; one count of felony conspiracy to run consecutively to the count for delivery of a controlled substance; and four counts of misdemeanor unlawful possession to run concurrently to the remaining sentences.[1] The State, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for post-trial judgment of acquittal based on insufficient evidence to establish his guilt beyond a reasonable doubt.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the McDowell County grand jury indicted petitioner and a co-defendant, Charles John Williams, jointly on six felony counts related to possession and delivery of controlled substances, including crack cocaine, hydrocodone, morphine, and Alprazolam.

In July of 2014, petitioner's jury trial commenced. The jury heard evidence that law enforcement officers received a report about a stolen all-terrain vehicle that led them to a house near Welch, West Virginia. Officers testified that, upon their arrival at that house, petitioner approached them to discuss the vehicle. According to the officers' testimony, petitioner claimed that the owner of the vehicle had run out of gasoline and left the vehicle at that location. Officers told the jury that they retrieved the vehicle and found the key to it on petitioner's person.

---

[1] Petitioner was separately convicted and sentenced to a term of incarceration of one to five years in a separate criminal proceeding not at issue in the instant appeal.

Officers further explained that only after recovering the vehicle did they discover that it had not been stolen, as previously reported, but that the owners had traded it for crack cocaine at that house. According to an informant's testimony, petitioner was present for the exchange of the vehicle for crack cocaine.

Officers testified that, upon learning of the drug transaction, they immediately obtained and executed a search warrant on the house. During that search, they found a bag of pills, crack cocaine, white tablets, a gun, and a pair of jeans reportedly belonging to petitioner that contained another bag of pills, more crack cocaine, prescription cough medicine, and hydrocodone. One officer testified that he witnessed bags of narcotics "come out" of the rear of the house, and the officer located those bags under a rear window. Testimony further revealed that officers found petitioner inside the house near the "back bedroom" or bathroom area and that he was the only person in a position to have thrown the bags of narcotics out of the rear window. Ultimately, the jury found petitioner guilty of one count of delivery of a controlled substance, in violation of West Virginia Code § 60A-4-401(a); one count of conspiracy to deliver and possess controlled substances, in violation of West Virginia Code § 61-10-31; and four counts of misdemeanor unlawful possession, in violation of West Virginia Code § 60A-4-401(c), which were lesser included offenses of four of the indicted felony charges.

Soon thereafter, petitioner filed a post-trial motion for judgment of acquittal alleging that the evidence was insufficient to support the jury's guilty verdict. In September of 2014, following a post-trial hearing, the circuit court denied petitioner's motion.

In November of 2014, the circuit court held a sentencing hearing. The circuit court sentenced petitioner to one to fifteen years in prison for one count of delivery of a controlled substance; one to five years in prison for one count of conspiracy to run consecutively to the one to fifteen year sentence; and six months for each of the four misdemeanor counts to run concurrently with the remaining sentences. This appeal followed.

On appeal, petitioner argues that the circuit court erred in denying his motion for post-trial judgment of acquittal. Specifically, he claims that the evidence presented at trial was insufficient to support beyond a reasonable doubt his conviction of delivery of a controlled substance and conspiracy. We have held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). Because we apply a *de novo* standard of review to the denial of such motions, "this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt." *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). With regard to claims of sufficiency of the evidence in a criminal proceeding, we have explained that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury

2

might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009).

To convict petitioner of delivery of a controlled substance, the State had to prove that petitioner intentionally delivered a Schedule I or II controlled substance to another. W. Va. Code § 60A-4-401(a)(1). To convict petitioner of conspiracy under West Virginia Code § 61-10-31, the State had to prove that petitioner "agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." *State v. Less*, 170 W.Va. 259, 264–65, 294 S.E.2d 62, 67 (1981). The agreement to commit the crime "may be inferred from the words and actions of the conspirators, or other circumstantial evidence, and the State is not required to show the formalities of an agreement." *Id*. at 265, 67. We have further explained that

5. A person who is the absolute perpetrator of a crime is a principal in the first degree, and a person who is present, aiding and abetting the fact to be done, is a principal in the second degree.

. . . .

8. Where a defendant is convicted of a particular substantive offense, the test of the sufficiency of the evidence to support the conviction necessarily involves consideration of the traditional distinctions between parties to offenses. Thus, a person may be convicted of a crime so long as the evidence demonstrates that he acted as an accessory before the fact, as a principal in the second degree, or as a principal in the first degree in the commission of such offense.

. . . .

10. Proof that the defendant was present at the time and place the crime was committed is a factor to be considered by the jury in determining guilt, along with other circumstances, such as the defendant's association with or relation to the perpetrator and his conduct before and after the commission of the crime.

Syl. Pts. 5, 8, and 10, *State v. Fortner*, 182 W.Va. 345, 387 S.E.2d 812 (1989).

In this case, contrary to petitioner's argument, we find sufficient evidence to sustain the jury's verdict. Petitioner correctly notes that the informant testified that petitioner was "just there" and that the actual exchange of crack cocaine for the vehicle occurred between a woman

3

and petitioner's co-defendant. However, that same witness testified that "they [petitioner and his co-defendant] weighed [the crack cocaine] out and handed it to her." Moreover, the jury heard testimony that petitioner was present for the exchange of the vehicle for crack cocaine, which is a contention he does not dispute; possessed controlled substances when later searched; was close friends with his co-defendant; and when officers retrieved that vehicle from that house, petitioner was in possession of the key to it. Given the testimony presented to the jury in this matter, including petitioner's presence during the drug transaction, association with his co-defendant, and conduct during the relevant events, we find that the evidence, while mostly circumstantial, was sufficient to support the jury's verdict beyond a reasonable doubt on the counts of delivery of a controlled substance and conspiracy. Therefore, we find no merit to petitioner's argument and no reversible error in the circuit court's order denying his post-trial motion for judgment of acquittal.

For the foregoing reasons, the circuit court's December 17, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED:** October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4